**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CINDY E. WATFORD, as Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **BLYTHE ALEXANDER POSTON,** | ) | |
| **deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-548-CWB** |
| | ) | |
| **SHERIFF ERIC BLANKENSHIP,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION & ORDER**

**I.      Procedural History**

Cindy E. Watford filed this action in the Circuit Court of Henry County, Alabama in her capacity as personal representative of the Estate of Blythe Alexander Poston—who died shortly after being taken to the Henry County Jail on September 18, 2024.  (*See* Doc. 1-2 at p. 2).  Various state law claims were asserted against various individual and entity defendants.  (*Id*. at pp. 7-14).  Additionally, a federal law claim was asserted against four defendants for an alleged violation of Constitutional rights.  (*Id*. at p. 13).  Because of the federal law claim, proceedings were removed to this court pursuant to 28 U.S.C. § 1441(a).  (*See* Doc. 1).

Since the time of removal, Plaintiff Watford has amended her claims so as to omit the federal law theory.  (*See* Doc. 19).  And Plaintiff Watford now seeks a remand of proceedings to state court as a result of that omission.  (*See* Doc. 20).  The defendants have been afforded an opportunity to address the remand issue (*see* Doc. 23) and have stipulated that remand indeed would be appropriate (*see* Doc. 27).  Upon careful and independent review, the court agrees.

1

**II.    Discussion**

The remand issue presented here is squarely covered by the somewhat recent decision of the United States Supreme Court in *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), which resolved a split among circuits in holding that a post-removal omission of federal claims destroys subject matter jurisdiction and requires remand:

> When a plaintiff amends her complaint following removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims. That conclusion fits the text of [28 U.S.C.] § 1367, governing supplemental jurisdiction. And it accords with a bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint, because that complaint has become the operative one.

*Id*. at 31;

> [T]he District Court here should have remanded Wullschleger's suit to state court. The earliest version of that suit contained federal-law claims and therefore was properly removed to federal court. The additional state-law claims were sufficiently related to the federal ones to come within that court's supplemental jurisdiction. But when Wullschleger amended her complaint, the jurisdictional analysis also changed. Her deletion of all federal claims deprived the District Court of federal-question jurisdiction. And once that was gone, the court's supplemental jurisdiction over the state claims dissolved too. Wullschleger had reconfigured her suit to make it only about state law. And so the suit became one for a state court.

*Id*. at 43-44. Applying that rationale in light of the First Amended Complaint filed by Watford compels the conclusion that the court has lost subject matter jurisdiction and cannot further entertain this action in the absence of an active federal question.[1]

---

[1] The Notice of Removal (Doc. 1) contains no assertion that removal was predicated primarily or alternatively upon diversity jurisdiction. The allegations in the original Complaint (Doc. 1-2 at pp. 2-4) and the First Amended Complaint (Doc. 19 at pp. 2-4) belie the existence of the necessary diversity of citizenship. *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").

2

**III.    Conclusion**

For the reasons stated above, it is hereby **ORDERED** that the pending Motion to Remand (Doc. 20) is **GRANTED** such that this action is remanded to the Circuit Court of Henry County, Alabama.  The clerk of court is **DIRECTED** to take all necessary steps to effectuate the remand.

**DONE** this the 11th day of August 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**